IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT

| | | |
|---|---|---|
| ROMIE D. BISHOP | ) | |
| SHIRLEY A. BISHOP | ) | |
| Plaintiff | ) | Civil Action **No.  1:05-cv-656 (GMS)** |
| | ) | |
| | ) | |
| V. | ) | Jury Trial |
| WILLIAM C. CARPENTER, JR | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

## NOTICE OF AMENDED MOTION

TO the Following: William C. Carpenter

500 N. King St. ste. 10400

Wilmington, Delaware 19801

Acting Pro Se Romie D. Bishop Plaintiff herby notifies Defendant that on 10-21, 2005 one copy of this

within **AMENDED Motion** was **Filed** in the Court Listed above.

_____

Romie D. Bishop, Pro Se Defendant
2715 DuPont Pkwy
Middletown, DE 19709
302-373-1424
302-378-6024fax
Bishop 222@wmconnect.com

10-21-2005

IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT

| | |
|---|---|
| ROMIE D. BISHOP | ) |
| SHIRLEY A. BISHOP | ) |
| Plaintiff | )    Civil Action **No.   05-656** |
| | ) |
| | ) |
| V. | )    Jury Trial |
| WILLIAM C. CARPENTER, JR | ) |
| | ) |
| Defendant | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## **AMMENDED MOTION**

## **FOR AN ORDER TO STAY ALL CURRENT RPOCEEDSINGS CURRENTLY BEING**

## **ADJUDICATED  AT 500 N. KING STREET, WILMINGTON DELAWARE 19810 SUPERIOR COURT**

## **CASE NUMBERS No. 04C-10-090 WCC, No. 04C-12-256 MMJ AND CCP CASE . 2005-7-370**

Plaintiff Romie D. Court Grant the above Motion and States

that he has complied with and herein meets the requirements to bring this Non-

Dispositive Motion.

### **Statement of effort to resolve**

1. I Romie D. Bishop wrote William C. Carpenter requesting he remove him self,

he has not responded, <u>writing letters instead of filing Motions is a practice he and</u>

<u>Donald Gouge has initiated.</u>


2. I Romie D. Bishop caused Shirley A. Bishop to call the Capital Police Captain

Jobbs. She was to enquire into if the past experience Romie received on 09-07-

2005, consisting of

a.  followed around the Court House Building  by (5) five Officer's.

b. being verbally harassed in an open Office with thirty court employees present.

IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT

c. Having my record ran in an open Office with thirty court employees present then being illegally detained until the results came back.

d. denied in his request by conspiracy involving Officers of the law to ask to be recognized in Court on the day of a properly scheduled Motion Hearing day, that was inappropriately removed from the calendar by the Court One (1) Business day prior to the Hearing.

Shirley Bishop was told the Officers acted appropriately giving Romie D. Bishop no reason to expect a change.


3. On 10-11-2005 Shirley Bishop was denied in her attempt to submit/clock in two Documents for Romie D. Bishop at the Clerks window, the same place Romie was made notorious at on 09-07-2005.

a. Documents #1 titled **reply to response received on 10-08-2005**.

b. Document # 2 titled **Motion for Summary Judgment**.

Shirley mailed the Documents on 10-11-2005


4. On 10-12-2005 the Court had many Police Officers in the Court room and many Police officers opening the door and looking in to see if Romie Bishop was present, just as the Police Chief had promised Shirley Bishop by phone, they were present in full force, solely due to the still unknown claims supposedly of Ms. Aimee Bowers as relayed by Judge Carpenters letter dated 09-01-2005. Shirley entered the Court room on 10-12-2005 for the sole purpose to see if Romie Bishop who was waiting in the parking lot would be able to enter and participate with out being further made notorious by the Police harassment promised by the

Page 2

IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT
Chief of the Capital Police. Shirley and her attorney Douglas Schachtman both

thought the unusually large numbers of Police officers in the Court room were

there solely for Romie D. Bishop.


<u>5.</u> Plaintiffs federally protected civil rights to be treated fairly have been denied

by William Carpenter through out and his Orders by letters dated 10-19-2005, 10-

13-2005 and with out notice has imposed additional restrictive and burdensome

rules regarding filing of documents against the Plaintiffs. William Carpenter has

Ordered by letter dated 10-19-2005 that when Romie D. Bishop files a Motions to

dismiss or a motion for a summary judgment with the Court that Romie D. Bishop

first contact Ms. Aimee Bowers for a date, Ms. Bowers is the person who William

C. Carpenter by letter dated 09-01-2005 falsely accused him of acting

inappropriately toward her in a unrecorded phone conversation she initiated from

her cell phone. Romie D. Bishop can not contact anyone from William Carpenters

staff with out it being recorded or risk DISCLPINARY ACTION including his

arrest for a made up act or another false accusation. see letter date 09-01-2005


<u>6.</u> Cause and effect, Cause of the Police involvement was William Carpenters

false letter that is the reason for this suit. Effect of the Police Harassment Romie

Bishop could not represent him self, he could not enter the court room with out

fear for his wrongful arrest. Furthermore the result of him not being able to

represent himself On 10-12-2005 the Plaintiff's had four Order's issued by letter

only against him, none of which had been Motioned to be heard, Noticed to be

heard or otherwise notified of, all Order's negatively affecting the Plaintiffs in

IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT
**Statement of the Nature of the proceeding**

Repeated Denial of Plaintiffs Due Process rights as listed on the civil cover sheet in this action.

The Plaintiffs have had their rights violated, the question before the Court is why? William C.

Carpenter actions are being questioned along with the reasons for the actions was he just acting

out of prejudice against pro se's or was it for reasons brought to the attention of the Superior

Court when the Plaintiff Filed his CIS in CA. No. 04C-10-090 WCC back in 2004.

Plaintiff Romie D. Bishop and his wife and her Company have been targeted by a

group of friends and co-conspirators acting for the purpose to financially ruin the

Plaintiffs for personal reasons and to receive unfair compensation both in

payment and/or services. One of the groups leaders Kenneth Caudill is a night

club owner who claims to have connections. Donald L. Gouge attorney is one.

Ken Caudill Night Club owner ( CA. NO. 04C-10-90 WCC ) has bragged to

Romie and Sinex Pools Employees that he takes yearly gambling trips to the

Caribbean with Superior Court Judges for the State of Delaware, Defendants

requested any Judge that has taken a trip with Ken Caudill to recuse himself. This

was noted in the original CIS Sheet. Ken Caudill Night club owner who pays with

cash in the amount of $ 27,250.00 to Sinex Pools and well over $ 100,000.00 to

other contractors on the same job, and has claimed to be a underworld figure who

has connections in the State Police, County Police and the Court system. Ken

bragged to Romie how he prevailed in the criminal case brought by the State of

Delaware regarding millions of cash payments he claim's to have stolen from

Motiva by selling sulfur train car loads. This was noted in the original CIS Sheet.

Ken Caudill ( CA. NO. 04C-10-90 WCC ) was interviewed by two investigators

of the State Police Superintended, witnessed by Romie Bishop at Ken's home.



IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT

Then bragged to Romie about how he lied to them and what a drunk the Superintend really was. This was noted in the original CIS Sheet.

Ken Caudill ( CA. NO. 04C-10-90 WCC ) has stated to Romie that Donald L. Gouge is his boy, who will do anything to hurt anyone Ken sick's him on, while discussing a problem. This was noted in the original CIS Sheet.

This may be just happenstance that the Superior Court Judge is so Bias toward a figure such as Ken Caudill. It must be referred to the FBI for further investigation given the history of cash payments by Ken Caudill to everyone else, cash payments to every body involved.

William Carpenter has refused to respond to Romie D. Bishop question. Is Donald L. Gouge a frat buddy of his from the University of Delaware were they both attended school at the same time period Ken Caudill.

## ARGUEMENT

1. William C. Carpenter By his actions directly or indirectly on 09-07-2005 denied Romie D. Bishop Civil Rights by Wrongly and with Malice of Forethought caused (5) uniformed Police Officers to Appear in Court 8 D with the mission to prevent him from being heard on a day and at a time for which his Motion to Dismiss was scheduled/Docketed to be heard. When Romie rose and asked to be recognized by the Court the Officers immediately intervened with out any request from the unknown ( fill in ) presiding Judge or the Bailiff to do so. The Officers had

IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT

entered after Romie D. Bishop, spoke to no one except Romie, forcing him to leave under the

threat of arrest if he did not. It had to have been pre rearranged The above listed events/acts have

made Romie D. Bishop Notorious and makes 500 N. King Street Wilm. , DE. 19810.  An

improper venue until the final disposition of the above listed action in this Court has been

adjudicated and the Plaintiff name and reputation has been restored.

2. 1. William C. Carpenter By his actions directly or indirectly on 09-07-2005 denied Romie D.

Bishop Civil Rights by Wrongly and with Malice of Forethought caused (5) uniformed Police

Officers to follow him around the Court House from Court 8 D down the elevator to the Office

of the Prothonotary's were Two Officers harassed him while at the window clocking in a motion

in case **No. 04C-12-256 MMJ** .  The Officers had escorted Romie D. Bishop to the Office and

all remained until Romie started writing down Officers names, unbelievably between three

quickly exited the Office and when Romie attempted to follow, requesting the names of his

escorts Officer Bostic blocked him, again under the threat of arrest Romie was ordered back to

the Clerks window. A few moments later Officer Quillen stormed in demanding Romie's Drivers

License, stating if you want my name I am going to run you for warrants, now over thirty Court

employees have assembled to see what was what. Now that Romie was done with his business he

was detained wrongly by Officer Quillen who stated in front of all the personal " You're not

going anywhere it is believed that all Employees had the same take on that statements meaning

was a prelude to Romie's arrest, Officer Quillen left the room then again stormed back in

( Drama Queen ) Loudly claiming now that Romie had been harassing a Court Clerk, Romie

denied that was true but the damage Quillen did is irrevocable at this time, Officer Quillen

returned Romie's Drivers License minutes latter telling him to leave now and with two other

PAGE 7

IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT

Officers escorted him from the Building. The above listed events/acts have made Romie D.

Bishop Notorious and makes 500 N. King Street Wilmington , DE. 19810 an Improper venue

until the final disposition of the above listed action in this Court. <u>William C. Carpenter on 10-12-</u>

<u>2005 issued Orders verbally and by letter on 10-13-2005 not in front of the Court and directly in</u>

<u>resulting in denying the Plaintiffs right to a fair due process. William C. Carpenter on 10-19-</u>

<u>2005 issued an Order directly in resulting in denying the Plaintiffs right to a fair due process.</u>

### CONISE STATEMENTS OF FACTS

Romie D. Bishop has been made Notorious in and through out the Court House Located at 500

N. King St., Wilm. DE.  by the actions of William C. Carpenter and his subordinates. The ACTS

committed with malice of forethought TO DENY Romie D. Bishop his civil rights to a fair due

process.

_____

Romie D. Bishop, Pro Se Defendant
2715 DuPont Pkwy
Middletown, DE 19709
302-373-1424
302-378-6024fax
Bishop 222@wmconnect.com

10-21-2005

PAGE 8

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| KEN CAUDILL | ) | |
| Plaintiff | ) | Civil Action **No. 04C-10-090 WCC** |
| V. | ) | Jury Trial |
| Shirley A. Bishop, Sinex Pools Inc. | ) | |
| ROMIE D. BISHOP | ) | |
| Defendant | ) | |
| Counter Compliant Plaintiff | ) | |
| V. | ) | |
| EDNA CAUDILL Third-party Defendant et. all and | ) | |
| Counter Compliant Defendant et. all | ) | |

## TABLE OF CONTENTS

Statement of effort to resolve ……………………………………………..1-4

Statement of Nature of the proceeding …………………………………………… 5-6

Argument …………………………………………………………………... 6-8

Concise Statements of Facts………………………………………………… 8

**Exhibits**

Letter to William Carpenter…………………………………………………….. A1- A4

Letter from William C. Carpenter ………………………………………… B1- B-2

Letter to William C. Carpenter………………………………………………….. C1-C5

Letter from Donald L. Gouge to Shirley's Attorney Douglas Shachtman……….. D1

Letter from Donald L. Gouge to William Carpenter……………………………… E1

Letter to William C. Carpenter………………………………………………….. F1- F-4

Letter from William C. Carpenter………………………………………………….. G1-G2

Letter from Donald L. Gouge…………………………………………………… H1

Letter from Donald L. Gouge………………………………………………….. I1-I2

Letter from Shirley's Attorney Douglas Shachtman to Donald L. Gouge…………… J1-J2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

Letter from Donald L. Gouge to William Carpenter………………………………. K-1

Letter to William C. Carpenter………………………………………………………. L1-L4

Letter from William C. Carpenter……………………………………………………. M1

Letter from Donald L. Gouge…………………………………………………………. N

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

RE: Civil Action **No. 04C-10-090 WCC**

9/30/05

Dear Judge Carpenter

I just received a phone call from Ms. Bowers from the phone number 577-3926 that I

must respond to in writing.

Ms. Bowers called to request that I re-noticed my Motions scheduled for 09-07-2005,

I declined. Ms. Bowers then demanded I re-notice the motions for October 12th 2005. I

again declined and asked her if she had received a call from Donald Gouge notifying her of my

fax sent to him minutes earlier informing him of my intention to move forward with the motions

despite his false claim of time requirements.

Ms. Bowers became upset and asked?  Was I questioning her handling of the case, I

confirmed that I had questioned the handling of the case in writing by letter to your Honor

clocked in on 08-29-2005 asking for an investigation into the handling of the case and stated

again I would respond to her request (which turned to A DEMAND), in a letter to Your Honor,

trying to get of the phone. I know when I am being set up I am broke but not stupid!

I can spot someone angling as I have had 22 years experience in dealing with lying

buyers/borrowers (in my mortgage business) on the phone who wish to get what they want. Once

a client takes that route I only deal in Writing with them.

Ms. Bowers refused to accept that and now told me that I would have to re-schedule due

to you not being in Court on 09-07-2005, I clock my stuff in person and the Clerks always

A - 1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

checks the date before doing so then tell me if it is available or not, just last month I changed the date in Judge Johnston's case at the window.

I stated that it was "ok" with me if another Judge had to hear the Motions and again stated I would respond In writing to Your Honor trying to end the phone call, She then stated that she had spoken with you and you had told her that you had to hear the Motions, why would that be when every day I am left in the case great harm is caused to my producing for my family. Why would she had asked you that prior to my declining her demand? Ms. Bowers was not believable and again stated that I would have to re-notice the Motions. Why would she care if I responded in writing? Why would she seem so concerned? Why would she be so worried as to not let me off the phone?

I stated again that I would not re-notice and would respond to her request in writing again trying to end the call, Ms. Bowers again stated that I would have to re-notice, at this point it was clear that she was prejudicial against me by her tone and words and refusal to allow me off the phone. This call was a disaster and at this point I am so screwed as your Honors personal support person was totally helping the Plaintiffs Attorney Donald Gouge by her actions that I am sure will be the cause of an effect which I am sure to be prejudiced by.

At this point having nothing more to lose. I then asked if Ms. Bowers was the person who postponed Mr. Schachtman Motion for a summary judgment originally scheduled for 08-24-2005, Ms. Bowers un-convincingly said she was not and stated she felt that I was questioning

A-2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

her handling of the case, I again confirmed that I was question things about the handling

of the case in writing and asked to be allowed to respond in writing directly to your Honor, she

finally said Ok and hung up.

I did everything I could not to be perceived as rude, refusing to hang up on her, keeping

my tone business like, repeatedly trying to get out of the disaster of a call.


Shirley was present during this EVENT and attempted to call Ms. Bowers back to get

your fax number to provide a response to her call.  Shirley called the number on the caller ID and

got a message that the wireless customer was not available, thinking she must had done

something wrong she called again and got a message with no Superior Court reference, She

again called and it just rang and rang (over 3 minutes) the number was 577-3926. Are we to

believe that Ms. Bowers made the call from her personal cell phone number? We are very

disturbed by this call, and continue to believe she had been contacted by Donald Gouge minutes

before calling us, if true your Honor should take immediate action given your reputation, if not

true please investigate the above matter.

It is prejudicial and a denial of our due process rights against me and my wife to enact

rules not in the book, that have the affect of extending our torment by Donald Gouge and his

group of conspirators. If I am denied the right to bring my motions as allowed by rule I will file a

federal suit to exercise my rights to due process. Justice delayed is justice denied. I will not be

put off unfairly as Shirley was on 08-24-2005.

A-3

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

It is prejudicial to make me re-notice the Motions as I do not have the funds to re-notice all parties and the only reason there are so many parties ( 24 ) is because of Donald Gouges two page claim filed ten months ago, the claim was not specific in any defect and since it's filing no new information has been provided. It is prejudicial to allow Donald Gouge to continue to benefit from his 3rd grade filing ( how do you allow him in front of you) not up to the standards of this Court, it is Donald Gouge not me who needs to be reminded that this court is not a J.P. Court.

This is a no win situation for me creating great prejudice against me and mine, more problems that I do not have the time ( this letter took me 3 hours to write) for . After this very disturbing call I do not wish to have any more verbal contact with any staff member of yours.

I filed a letter to you yesterday requesting an investigation into who demanded Mr. Schachtman re-schedule his Motion a clear due process violation of Shirley's Federal and State rights, also who failed to update the Docket prior to 08-24-2005 that almost resulted in Sinex Pools Inc. being dismissed by slight of hand?  Also Mr. Gouge has failed to provide me still with all documents filed prior to his adding me as defendant.

Sincerely

Romie Bishop, Pro Sl
2715 Dupont Pkwy
Middletown, DE. 1970
302-373-142

cc by fax to Gouge at 658-1473

by regular mail to Douglas Shachtman

Page 5 of 5    A-4

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

September 1, 2005

Romie Bishop
Sinex Pools, Inc.
2715 DuPont Parkway
Middletown, DE 19709

RE:    Ken Caudill v. Sinex Pools, Inc., Romie Bishop, Shirley Bishop v. Edna Caudill
       C.A. No. 04C-10-090 WCC

Dear Mr. Bishop:

I have received a document which was filed with the Prothonotary on August 29, 2005 which I can only surmise was intended as a letter to me outlining your suspicions regarding how your case is being handled. First let me assure you that your civil case is only one of 400 others that I have, and candidly I have very little interaction with your matter except on a date when a hearing takes place. I will diligently handle those matters when they are appropriately noticed, but to think that I am some part of a conspiracy is not only outrageous but fails to appreciate the demands of a very busy Court.

As I indicated, you have the right to represent yourself, and as long as you comply with the orders and rules of this Court you will be allowed to continue. However, your decision to represent yourself is yours, and you will not receive any favoritism in this matter. As an example, you have filed two motions recently, and one of them is a motion for summary judgment. A summary judgment is a dispositive matter and may not be scheduled until you have obtained potential hearing dates from my secretary and then have contacted all other counsel to agree on one. That is why your motion noticed for September 7, 2005 will not be heard that day. In addition, I will be handling matters in another county that day and will not be available.

As a convenience to you, and I emphasize simply as a convenience, I have directed my Case Manager to place your motions on my calendar for October 12, 2005 at 9:30 a.m. which is a date previously set aside to handle other motions in this case. I have copied all counsel on this letter so they may be aware of your motions and the argument date.



Finally, I will not tolerate any conduct that is disrespectful to any of my staff. I understand the conversation that you had with my Case Manager was anything other than appropriate, and if you continue with such action, the Court will impose disciplinary action in the matter. I strongly suggest that you not take your frustrations out on my staff.

Again, your motion for summary judgment and request to vacate the scheduling order will be heard on October 12, 2005 at 9:30 a.m.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

cc:    Donald L. Gouge, Jr., Esquire
       Douglas A. Shachtman, Esquire
       Aimee Bowers, Case Manager

*Copy*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

## CAPTION PAGE

| | |
|---|---|
| KEN CAUDILL                                                 ) | |
|      Plaintiff                     ) | Civil Action **No. 04C-10-090 WCC** |
| V.                                                          ) | Jury Trial |
| Shirley A. Bishop, Sinex Pools Inc.                         ) | |
| ROMIE D. BISHOP                                             ) | |
|      Defendant                     ) | |
|      Counter Compliant Plaintiff   ) | |
| V.                                                          ) | |
| EDNA CAUDILL                                                ) | |
|      Third-party Defendant         ) | |
|      Counter Compliant Defendant)  | |
| JAMES H. SINEX. BETTY A. SINEX                              ) | |
| DONALD L. GOUGE, JR. (#2234)                                ) | |
| KENNETH CAUDILL                                             ) | |
| EDNA CAUDILL                                                ) | |
| BRIAN P. MURPHY (#292),                                     ) | |
| LORETTA MURPHY                                              ) | |
| JAMES L. SINEX,                                             ) | |
| JOSEPH DEFRANSCESCO                                         ) | |
| CHAD DEFRANSCESCO                                           ) | |
| THORN ELECTRIC, INC                                         ) | |
| BURLINGTON INSURANCE COMPANY )                              | |
| BUFFALO CONCRETE                                            ) | |
| JAMES B. DANIELS                                            ) | |
| SINEX POOLS INC.                                            ) | |
| ADCOCK SWIMMING POOLS SUPPLIES )                            | |
| AND ACCESSORIES,                                            ) | |
| HERBERT CLENDANIAL T/A H & C CONTRACTORS) | |
| COLINDA CLENDANIAL T/A H & C CONTRACTORS) | |
| JOAN M. LYLE                                                ) | |
| PAUL G. LYLE                                                ) | |
| CHESTER W. GOVE T/A POOL SCAPES INC. )                      | |
| ELIZABETH S. GOVE T/A POOL SCAPES INC. )                    | |
| | |
|      Third-party Defendant(s)      ) | |
|      Counter Compliant Defendant (s) ) | |

C-1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

KEN CAUDILL                              )
            Plaintiff                    )
                                         )       Civil Action **No. 04C-10-090 WCC**
                                         )       Jury Trial
            v.                           )
Shirley A. Bishop, Sinex Pools           )
ROMIE D. BISHOP                          )
            Defendant                    )
            Counter Compliant Plaintiff  )
            V.
EDNA CAUDILL Third-party Defendant et. all and
            Counter Compliant Defendant et. all

William C. Carpenter
500 N. King St. Suite 10400
Wilmington, DE. 19801-3733

RE: September 1, 2005 letter from William C. Carpenter to Romie D. Bishop

Judge William C. Carpenter

    I have received your letter referenced above, It's contend has forced me to seek to
protection of the Federal Government.

    Once again I am trying to respond to misrepresentations now on record and now make
me notorious through out the Court system by false accusation, representation with malice of
forethought.

    I followed the proper guidelines as required by the Superior Court Rules that I printed
from the internet, your letter referenced above is legally incorrect and it is noteworthy no rule
violation is mentioned, specifically line 5, 6, and 7.

    I did not file this action but I am only trying to put up a defense to a false claims and
prosecute persons who have made false assertions, having to fight a two page law suit/claim a 3RD
GRADE Filing.

    I have fulfilled my responsibility to worry about your " very bust court" only my rights
and my duties in responding in a timely manor which the opposing party has not done with no
reprimand to date specifically your refusal to make the opposing party pay as requested for the
costs of the Motion to Compel heard and ordered on 08-10-2005. I specifically reference line 6 &
7.



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

This action has been decided in a New Castle County hearing, New Castle County held a performance bond that would have paid for a third party to repair any defect proved, New Castle County held the show cause hearing own it on initiative any way with Sinex Pools Inc. being exonerated of any wrong doing.

I also informed the Court during my Motion to Strike that was amended at the request of Ms. Bower to be a Motion to strike/Dismiss was a dispositive Motion and I was not required to jump through the rings you now claim are necessary. At the hearing on 08-10-2005 I informed the Court that the non-specific lawsuit would require me to bring in multiple third party's at a great burden to me, the third Party's and the Court, maybe that is why you are so busy?

My decision to represent myself is no longer mine alone as I stated in Court on 08-10-2005 but is now based mainly on a lack of funds. Your letter States on line 8 & 9 I wish to represent myself is incorrect, I have no funds for an Attorney nor does my wife who is now in major arrears to her Attorney. I will however agree herein to the appointment by the Court of Richard Franta esq. I have known Mr. Franta for about 18 years and met with him last year, Mr. Franta gave me an fair estimate of $ 70,000.00. Mr. Franta can be contacted by phone at 302-428-1800. Unfortunately I can not agree to us Mr. Schachtman due to the fact I have named Sinex Pools Inc. as a Counter Compliant Defendant, Sinex Pools Had agreed to purchase insurance coverage indemnifying me against any claims for helping my wife at no charge so she could avoid failing to complete contracts, that would have been a criminal offense.

Your claim on line 10 & 11 that I am requesting Favoritism is very disturbing, you have been openingly in and out of Court prejudicial for the opposition from July 26, 2005 to date. Please in writing state how you have helped me, it's not by re-noticing three (3) of my Motions against my wishes one (1) business day prior to their schedule hearings and forcing my wife's Attorney also to re-notice a forth (4) Motion, that's not helping me but it is a substantial help to the opposition. It's not by personally trying to have Sinex Pools Inc. Dismissed thereby removing my protection of an insurance policy covering any award against me personally as the spouse of the owner.

Your Claim on line 12-14 is legally incorrect and greatly prejudicial against me. You William C. Carpenter who earlier the same day 08-10-2005 attempted to **force a verbal dispositive motion** to be heard then and there, directly contradicting your above referenced letter when you requested the opposing counsel make a verbal dispositive motion on the spot with no notice and not in writing and was clearly against Shirley Bishops interest, showed prejudice against her and toward the opposing party in clear violation of Superior Court Rules regarding Dispositive Motions.  I a pro-se have followed, then later that same day you William C. Carpenter or an agent of yours forced her Attorney to re-notice the correctly filed dispositive motion creating a delay by 49 days, showing prejudice against her. It is important to take note when you William C. Carpenter made or caused the call to be made to Shirley Bishop's Attorney you were not on the bench, not in Court and therefore do not enjoy the ABSOLUTE immunity allotted to your Job. As of this letter I have not received the opposing party's response to my Motions that were due on Friday 09-02-2005. It will be prejudicial to accept the responses now, it would make your re-notice biased against me.



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

You gave no reason why my motion to vacate the Schedule was re-notice as noted on line 14, 15, & 16. That Motion was of great importance to me specifically to avoid the Burden of Discovery Process by the opposing party and the opposing party avoiding full discovery in my Counter Claim.

Your claim that you acted "as a convenience to you" meaning a convenience to Romie D. Bishop on line 17-20 is not well received by me, not funny, please stop helping me! If you really believed I treated your staff ( Ms. Bowers ) inappropriately why would you do me any favors any why? I believe you know the claim is with out merit.

On 07-26-2005 one day prior to my hearing date OF 07-27-2005 YOU RE-NOTICED causing a delay in justice then again on 08-10-2005 by your suggesting a verbal motion to dismiss and now on 09-01-2005 YOU RE-NOTICED that I received on Sat. 09-03-2005 one (1) business day prior to the date of the Hearing date.

I Herein Demand you reschedule both Motions for the original date of 09-07-2005 how you notify the other parties by phone, fax, or e-mail is totally your decision

**Noteworthy** is I notified all parties for a total of twenty (23) persons of that date you only notified three (3), it will create a prejudice against me ( they will be upset to miss work for nothing) if they show up only to learn there is no hearing, I do not have all their phone numbers and will not risk them following Ms. Bowers lead by calling the ones I do have. I can not reasonably expect a mailing to be received by them prior to Wednesday, given the holiday. Important to note also, Your Staff made me notify everyone named causing me to leave and come back with an amended certificate of service and caption page.

Your Claim on line 21-23 that I was inappropriate with staff of the Court is **false**, totally false. I conducted myself as a gentleman in a business like manor throughout the whole ordeal, my wife was also present and heard my side of the conversation.

I herein request a written statement from Ms. Bowers of her version so I may take action against her personally AS SOON AS POSSIBLE if her statement makes false claims regarding my conduct. See my compliant to you regarding Ms. Bowers clocked in on 08-31-2005 regarding her inappropriate conduct. Ms. Bowers has already affected me greatly just by receiving Your of letter of reprimand.

Your official reprimand of me on line 23 & 24 is out of bounds, grossly prejudicial and unfair, I would except a prudent and fair Judge to have called me into chambers heard from both sides/parties and then made a decision on who was being truthful. Instead I have been convicted with out due process and punished by receiving a formally reprimand and threats of incarnation by you if anymore made up accusations are verbally alleged by your staff against me. You have essentially or in effect placed me on a probation that I have not agreed to on charges not disclosed.

Given all the above I will be filing a Federal Law suit against you personally to protect my constitutional rights to a fair due process.

C-4

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

I now request that you recant this letter in writing and recuse yourself immediately after arraigning for another Judge to hear the Motions Scheduled for 09-07-2005. I will not be able to represent myself while in fear of incarnation for a misstatement or pressing for my rights, your letter has me with two strikes before I come to the plate before you.

I would ask you to think? Ms. Bowers called me, once I declined to re-notice why did she continue to try and impose her will by not allowing me to hang up as I repeatedly requested, the only reason I didn't hang up was I wished at all cost not to be rude by hanging up on the clerk to a Judge hearing this vitally important case.

I am 43 years old not 23 and would be insane to purposely anger your staff. I fully expect to win my Counter Claim action and you would have been the one who affirms or reduces the settlement award I expect to be in the Millions.

I have unfortunately had a lot of contact with Court personal, over twenty court dates in 12 months, Representing myself in both civil and criminal cases in the past year, Ms. Bowers is the first staff member to allege/complain that I was inappropriate. I can assure you I have never been rude to staff even when turned away at the window with out just cause, why cry, Just do it is my motto.

I have been originating Mortgages for 12 years and have never had a compliant filed against me with the state bankers commission or my employer regarding my conduct specifically due to my phone skills and training on dealing with problem clients.

I was a committeeman for the UAW for 2 years while employed at a battery factory in Middletown where I had to Negotiate for persons I did not always like when they were disciplined fairly or unfairly, I am not a novice in dealing with problem  people. I try to get through the conversation and then deal only in writing if possible. Some people like Donald L. Gouge I refuse to speak to upfront ( never having a verbal conversation with ) due to false statements made in writing prior to them requesting we speak, the Recorded record is my and any a prose's friend, verbal conversation unrecorded are for persons like Gouge and apparently Ms. Bowers.

P.S. I have Never in any case received from, the otherside comunication regarding Motion's dates or any dates period, For you to require this is prejuditial.
of only me,

Romie D. Bishop Pro-Se
2715 Dupont Pkwy,
Middletown DE.
19709
302-373-1424

Dated 09-06-2005

Page 4 of 4

# HEIMAN, GOUGE & KAUFMAN, LLP
### ATTORNEYS AT LAW
800 KING STREET, SUITE 303
P.O. BOX 1674
WILMINGTON, DELAWARE 19899-1674

HENRY A. HEIMAN*
DONALD L. GOUGE, JR.
SUSAN E. KAUFMAN**

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

TELEPHONE: 302-651-1800
FAX: 302-653-1473

October 4, 2005

Douglas A. Shachtman, Esquire    FAX 655-5244
1200 Pennsylvania Avenue, Suite 302
Wilmington, DE 19806

RE:    Caudill v. Sinex, et al.
       Del.Super., C.A. No. 04C-10-090(WCC)

Dear Doug:

Thank you for your letter this date. Quite frankly, I agree that the report is deficient. I am expecting a more detailed analysis at my request and will try to have it to you within a week.

To the extent that a more complete report is beyond the September 30 deadline, I will certainly agree to extend your time to respond.

Very truly yours,

DONALD L. GOUGE, JR.

C:  Mr. Ken Caudill
    Romie Bishop



# HEIMAN, GOUGE & KAUFMAN, LLP
### ATTORNEYS AT LAW
800 KING STREET, SUITE 303
P.O. BOX 1674
WILMINGTON, DELAWARE 19899-1674

HENRY A. HEIMAN *
DONALD L. GOUGE, JR.
SUSAN E. KAUFMAN**

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

TELEPHONE: 302-658-1800
FAX: 302-658-1473

October 7, 2005

The Honorable William C. Carpenter
Superior Court, Judges Chambers
500 N. King Street, 10th Floor
Wilmington, DE 19801

> RE:     Caudill v. Bishop, et al.
>         C.A. No. 04C-10-090(WCC)

Dear Judge Carpenter:

I have enclosed a copy of the Caudill's response to the defendants' motions for summary judgment.

I attempted to file the response with the Court yesterday, but it was rejected because it was not filed four business days before the hearing on October 12, 2005 at 9:30 a.m. I did not realize that Monday, October 10, 2005 was Columbus Day and thus a legal holiday. Therefore I was a day late with my submission. Copies of the response had already been sent out to the defendants when I learned of the rejection.

I ask that Your Honor nonetheless consider the response.

Respectfully,

DONALD L. GOUGE, JR.

Enclosure
C: Mr. Romie Bishop
   Douglas A. Shachtman, Esquire
   Prothonotary

E11

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

KEN CAUDILL                                    )
           Plaintiff                    )
                             )      Civil Action **No. 04C-10-090 WCC**
                             )      Jury Trial
        v.                         )
Shirley A. Bishop, Sinex Pools                )
ROMIE D. BISHOP                               )
           Defendant                   )
           Counter Compliant Plaintiff  )
           V.
EDNA CAUDILL Third-party Defendant et. all and
      Counter Compliant Defendant et. all

William C. Carpenter
500 N. King St. Suite 10400
Wilmington, DE. 19801-3733

RE: 10-07, 2005 letter from Donald L. Gouge to William C. Carpenter's **good buddy**

Judge William C. Carpenter

This letter writing by yourself and Donald Gouge is prejudiced against me. I do not believe it is appropriate and will be adding it to my Motion for a stay this unfair action in federal court.

The letter writing is probably a plan by Gouge to set me off, by writing to you he makes me feel violated and causes this letter by me to you that creates unfair prejudice against my wife of 23 years Counter Compliant.

Donald Gouge helped his client steel over $ 23,000.00 from my wife's company by filling the false 1 ½ page compliant to avoid paying that will most likely result in her company going under this year.

A SU SPUNTA order by you for him to pay Sinex Pools Inc. the claim would save the company from failure this year and cover Mr. Schachtman costs to get to Court.

Who is Donald Gouge to you?

Why do you put up with his short comings?

He writes to you like a frat buddy, is he?

You had an opportunity to show your fairness yesterday 10-12-2005 but instead helped Donald Gouge by providing legal advise when suggesting Depositions ( he never thought of a year after filing the claim, I don't believe it ) and delaying my certain removal by months.

F-1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

Donald Gouge was a suppose to have evidentiary support prior to his filing a claim against me, something you apparently admitted yesterday he did not have as of that Hearing 10-12-2005 ( 5 MONTHS AFTER I WAS ADDED ), yet you continue to wrong me simply because you can, I know why because I am poor, white trash in your eyes. In 2003 We made a respectable living.

Shirley thinks you may have issued an order for Depositions, if so please provide the Order to me.

I did not receive a copy of your prior Order to Compel discovery that you made Shirley's company be responsible for the COSTS OF PRODUCING by failing to grant Mr. Schachtman request for payment from Gouge for the unneeded Motion.

**Noteworthy,** there was no Motion pending for an Order for Depositions or any outstanding notice or request for Depositions by Gouge to take them. I was not present during the hearing and had no advance notice that an Order for Depositions would be presented, further more I do not agree with the Depositions agreement made between the Court and two of three parties. This is a violation of Court Rules and my federal civil rights, if you issue an Order I will add it to my Federal Compliant and Motion for a stay.

Douglas Shachtman desires great respect for his restraint while you casually forgot about the counter compliant while suggesting Donald Gouge drop the action, you failed to reward his effort and the expertise that it took to write the 30 page brief, do you read his stuff at all?

Douglas Schachtman does not approve my writings and or my actions that should not be held against him, I am a brawler, I call a black kettle black, he is a academic, he is in my book right up there with Richard Franta and Jeff Bartels as one of the best lawyers in Delaware. He deserves this Courts respect, DISPITE MY BLUNTNESS he has not bailed on my wife or her company much to his credit and professionalism, he is the opposite of Gouge.

Why would such a powerful person, **a holder of life and death,** embrace Donald Gouge who can not even read a real attorney's work product AS HIS ATTEMPTED UNTIMELY RESPONSE SHOWS, will say anything, shows up on 10-12-2005 with a smile, wink and a smirk and wins the day on verbal argument only?

How does he do it?, In Judge **MMJ's** Court room he argued to add Sinex Pools Inc., In your Court room he argues it does not exist. He won both arguments, Were is Justice in that.

Why does a Judge who holds peoples life in his hands as the News Journal article relayed this week allow this to continue? I do thank you for taking killers of the streets permanently.

I have Attorney friends from the Mortgage Business (that I used to spend my time at making a living instead of poorly playing Lawyer) who had told me you were a tough no nonsense Judge, if that is true then it must be your hate of me alone that is allowing Donald Gouge to kept not performing without any reprimand by you. I do not dislike or hate, I forgive you for your transgressions against me and mine

Page 2 of 4



IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

Donald Gouge writes more letters to you than can reasonably be accepted. **MMJ** does not accept or **respond** to any letters from any party for any reason while you bend over backwards for Donald Gouge, rescheduling Dispositive Motions ( 4) four times at his request made by letter and by phone to you and/or your staff.

In the past, Your staff made me include a cover page, notice and certificate on any of my response letters, Donald Gouge writes to with out anything attached. I will not be attaching a cover page, notice and certificate to this letter or letters in the future. If you or your staff refuses to accept it I will add it to my Federal Compliant.

I had two fillings wrongly turned away at the window on 10-11-2005. This must stop as it is unfair and a federal violation of my civil rights. Please inform your staff.

The reply to the response for Summary Judgment that I received on 10-08-2005, Shirley attempt to clock in on 10-11-2005 the next business day but was denied I mailed it anyway, please make sure it is clocked in for the record as an appeal is likely in this case. If you or your staff refuses to accept it I will add it to my Federal Compliant.

Gouge in his letters to me and you keeps claiming weekends and Holidays days don't count as days, he can't be that dense, it must be an act as I know the Holiday or weekend only matters if it is the day due. He must be doing the misrepresenting for some unknown reason that I haven't figured out yet as I am sure you know the rules.

My new Summary Judgment Motion met and meets all requirements by Court rules but was denied to be clocked in due to a made up rule of yours ( requiring me to call your staff and Donald Gouge and Mr. Schachtman ) with out an Order. Please make sure it is clocked in for the record as an appeal is likely in this case. If you or your staff refuses to accept it I will add it to my Federal Compliant.


Unless you issue a specific Order in this action that I have to contact your staff verbally, ( OFF THE RECORDED RECORD) Donald Gouge and Mr. Schachtman before filing a motion I will not, it is a violation of my civil rights to make me contact them for permission and given the still unknown allegations made by Ms. Bowers relayed to me in your threatening letter to me on 09-30-2005 it is unreasonable to Order me to contact them of the record risk another unknown allegation and be Jailed.

I again **Demand** a statement from Ms. Bowers as to what she is claiming I said. I could not come in the building yesterday, I was in the parking lot in case you asked Shirley for me. Shirley Informed me that many Police officers were in the Court room and multiple times Police officers would come in and look for me then leave. Ms. Bowers and you have made me Notorious through out the building. Also Shirley was seated in the Court room when Gouge came in He unbelievably sat next to her, she is very nervous around any of Ken Caudill's crew.

I have come to believe you think that you and Donald Gouge are better than me and mine, I assure Donald Gouge is not. If I had not responded after you personally given me a two month extension you would have surely ruled against me.

F-3

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

I have little recourse to prevent the civil right violations from happening, you continue and with malice of forethought make against me and mine other than to cry about it and wait for Federal Court trial.

I do have experience in dealing with the extreme wealthy as I believe you are given your name. I attended Broadmeadow in Middletown in the 60's and 70's K-5 with the DuPont's, Horsey's, and many other extremely rich people, my experience there was just the opposite of my experience with you, they were fair TO A FAULT, through and through great people while the up and comers like Gouge were the shady ones, who will roll in the gutter to get a head.

After reviewing the false interrogatories, I believe Donald Gouge has conspirator with Ken Caudill and many others to commit State and Federal tax fraud. See answers attached

Come with the cash Ken Caudill and his boy Donald Gouge are dangerous to me and every day you kept me in this suit enhances the physical danger to me and mine, I can defend myself but am not Bullet proof, if something does happen to my family please promise to investigate them. It is not in me not to fight back when WRONGED. I need any protection from them by any law enforcement body I can get, as I outlined in the CIS form.

If you have any good in you please look in to what I say and take action to protect me and mine from this nightclub's owner and his boy Gouge. See answers to interrogatories attached.

This response to Gouge's letter took me 5 hours, it is an unfair burden

_____ 10-13-05

Romie D. Bishop Pro-Se
2715 Dupont Pkwy,
Middletown DE.
19709
302-373-1424

Dated 10-13-2005

F-4

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

October 13, 2005

Donald L. Gouge, Jr., Esquire
800 N. King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19899

Douglas A. Shachtman, Esquire
1200 Pennsylvania Avenue, Suite 302
Wilmington, DE 19806

Romie and Shirley Bishop
2715 DuPont Parkway
Middletown, DE 19709

> RE:   Caudill v. Sinex Pools, Inc., Romie Bishop and Shirley Bishop
>        v. Edna Caudill
>        Civil Action No. 04C-10-090 WCC

Dear Counsel and Mr. and Mrs. Bishop:

As a result of the Court's hearing on October 12, 2005, I thought it would be best if I outlined my decision in writing so there would be no confusion regarding the matter. The following was decided:

A)   The Defendant is to provide responses to written discovery on behalf of the corporation Sinex Pools, Inc., to the Plaintiff no later than November 12, 2005. This order is specifically related to discovery directed to the corporation, and the written discovery that has been directed to the personal information of Mr. and Mrs. Bishop is hereby stayed until January 1, 2006.

6-1

B)    Before December 12, 2005, counsel is expected to complete discovery including the depositions of Mr. and Mrs. Bishop relating to the issue as to the validity of the corporation and the de facto corporation status alleged by the Defendants in their summary judgment motion.

C)    Counsel is to provide to the Court by December 16th a letter setting forth the factual findings that have been made regarding this issue and responses, if any, to each of those letters must be filed by December 30, 2005. The Court will then take the information provided, including any deposition testimony that is made part of the record, and will decide Defendant's summary judgment motion.

D)    This action is taken so that limited discovery can be taken at this point in time so that the issue regarding the status of the corporation can be resolved and the decision as to whether Mr. and Mrs. Bishop individually should remain in the litigation can be promptly made. This decision in no way prejudices the parties from taking subsequent discovery concerning the construction of the pool which may include the retaking of the depositions of Mr. and Mrs. Bishop concerning that construction.

As I indicated to counsel, I believe this is an appropriate way to get this litigation back on track and to focus on the real issue which has arisen in this matter, that is, whether the pool was appropriately constructed and who is at fault. I would ask that counsel and Mr. and Mrs. Bishop cooperate in this regard.

To the extent there are any outstanding motions, those motions are stayed pending the limited discovery set forth above.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp
cc:    Aimee Bowers, Case Manager

6-2

# HEIMAN, GOUGE & KAUFMAN, LLP
### ATTORNEYS AT LAW
800 KING STREET, SUITE 303
P.O. BOX 1674
WILMINGTON, DELAWARE 19899-1674

HENRY A. HEIMAN*
DONALD L. GOUGE, JR.
SUSAN E. KAUFMAN**

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

TELEPHONE: 302-658-1800
FAX: 302-658-1473

October 14, 2005

Romie Bishop
2715 Dupont Parkway
Middletown, DE 19709

RE:    Caudill v. Bishop
       C.A. No. 04C-10-090(WCC)

Dear Mr. Bishop:

I am in receipt of your motion for summary judgment.

Per Judge Carpenter, that motion must be scheduled with the Court. Furthermore, I am not available on November 2, 2005 as I will be in Texas. I am available Wednesday, November 23, 2005 and any Wednesday in December.

Very truly yours,

DONALD L. GOUGE, JR.

C:  Mr. & Mrs. Caudill
    Prothonotary

H-1

SUPERIOR COURT
OF THE
STATE OF DELAWARE

WILLIAM C. CARPENTER, JR.
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

October 19, 2005

Romie Bishop
2715 DuPont Parkway
Middletown, DE 19709

> RE:  Caudill v. Sinex Pools, Inc., Romie Bishop and Shirley Bishop
> v. Edna Caudill
> Civil Action No. 04C-10-090 WCC

Dear Mr. Bishop:

The Court received your letter on October 14, 2005 regarding the above-captioned matter. If you had attended the hearing on Wednesday, October 12, 2005, perhaps you would have appreciated that the Court's ruling in this matter was an attempt to appropriately focus the litigation and to bring to some closure whether you and your wife are appropriate individual defendants in this matter. Obviously the resolution of that question is in your best interest and perhaps will result in you and your wife being dismissed from this litigation.

However, instead of recognizing the Court's effort to ensure that the litigation is being handled appropriately, you have simply taken another opportunity to personally attack the Court and the rulings that have been made. Simply because you are a *pro se* litigant in this Court does not give you a right to be disrespectful or file any rambling writing that you think should be brought to my attention. As a result of your conduct to date, I am directing that you forward all future correspondence directly to the Prothonotary's Office where it will be appropriately docketed. If it is a routine motion that

I-1

you would like me to consider, please caption it as such and notice the other parties. I have no intention of continuing to correspond with you outside of the formalities of court proceedings. If you have something you would like to have heard, please file it in a motion and it will be heard during my Wednesday motion calendar. If it is a motion to dismiss or motion for summary judgment, please contact my secretary for an appropriate date and time for it to be heard.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

cc:    Donald Gouge, Esquire
       Douglas A. Shachtman, Esquire
       Aimee Bowers, Case Manager

I-2

# DOUGLAS A. SHACHTMAN
## & A S S O C I A T E S
ATTORNEYS AT LAW

email Douglas.Shachtman@Verizon.net
www.lawyers.com/shachtman

SUITE 302
1200 PENNSYLVANIA AVENUE
WILMINGTON, DELAWARE 198
(302) 655-1800
TELECOPIER (302) 655-5244

September 6, 2005

Donald L. Gouge, Jr., Esquire
Heiman Gouge Kaufman
800 N. King Street, Suite 303
Wilmington, DE 19801

By Fax: 658-1473

Re: Caudill v. Sinex Pools, Inc.
C.A.No. 04C-10-90 WCC

Dear Don:

I am in receipt of the Caudills' informal answers to discovery. The answers are not verified, and the Caudills have not complied with the Court's order.

In addition, there are certain specific problems:

3. This interrogatory was designed to focus specifically on the Caudills' objections to construction. Therefore, it requests that each problem be addressed separately. Instead, the Caudills have mixed together all of the problems with general statements. Please answer the question categorically.

4, 5. The answers do not provide any of the specific information requested by the subparts.

8. The Court's order declared that objections were waived. Moreover, it is unclear how the interrogatories are overly broad or incapable of a meaningful response when it is merely between the parties to the lawsuit, which consist of two individual customers and a small company.

9. The interrogatory has not been answered specifically.

13. Objections were waived. The Caudills are required to answer this question. Then, Sinex Pools may compare their information to its own.



Donald L. Gouge, Jr., Esquire
September 6, 2005
Page 2

14. The interrogatory was not answered completely.

15. The Caudills are required to answer this question. Then, Sinex Pools may compare their information to its own.

Please provide complete, verified answers by September 16, 2005. Thank you.

With regard to our responses to discovery, I will provide them as soon as they are received. Your letter is mistaken that the deadline was ordered by the court. The court instructed us to discuss the timing. We suggested September 6 and you countered with August 31.

Sincerely yours,

DOUGLAS A. SHACHTMAN

DAS/sas
cc: Shirley Bishop

Gouge906.wpd

5-2

HEIMAN, GOUGE & KAUFMAN, LLP
ATTORNEYS AT LAW
800 KING STREET, SUITE 303
P.O. BOX 1674
WILMINGTON, DELAWARE 19899-1674

HENRY A. HEIMAN *
DONALD L. GOUGE, JR.
SUSAN E. KAUFMAN**

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

TELEPHONE: 302-658-1800
FAX: 302-658-1473

August 30, 2005

The Honorable William C. Carpenter
Superior Court, Judges Chambers
500 N. King Street, 10th Floor
Wilmington, DE 19801

RE:    Caudill v. Bishop, et al.
       C.A. No. 04C-10-090(WCC)

Dear Judge Carpenter:

I apologize for taking up Your Honor's time, again on a scheduling matter, but I have no choice.

The Pro Se defendant in this case, Romie Bishop has filed two motions, one for summary judgment and a second to vacate Your Honor's scheduling Order. The motions are noticed for Wednesday, September 7, 2005 at 9:15 a.m.

I wrote to Mr. Bishop requesting that he re-notice the motions for October 5, 2005 at 9:30 a.m. the time set aside by the Court to hear two other motions for summary judgment in this matter. I have attached a copy of my letter to Mr. Bishop dated August 28, 2005 and his response dated today for Your Honor's consideration.

Respectfully,

DONALD L. GOUGE, JR.

C: Mr. Romie Bishop
   Douglas A. Shachtman, Esquire
   Prothonotary

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

Dear Judge Carpenter

The Docket in the above referenced case is incorrect. The Docket claims that

there is an order for Defendants ( Bishop) to provide discovery by 08-31-2005, no motion

to compel was pending, no order has been received by me. This is not what occurred on

08-10-2005 and if the order was issued after review it is prejudicial.

I feel that there is behind the scenes activity's that I am not privacy to for the

following reasons.

1. Plaintiff did not send me a complete case file when he Served me with the

Compliant, please take action to ensure the rule is followed. My first knowledge of # 35

dated 07-07-2005 and # 36 dated 07-19-2005 and way out of order, was upon paying for

Docket print out on 08-25-2005.

2.. The 08-24-2005 motion for a Summary Judgment that I and Shirley appeared

for, no re-notice was sent to me until Friday the 26th of August. The docket states a call

was made on 08-11-2005 claiming inappropriate filing but it was added to the 08-09-

2005  number 32, 32 is out of order, this is a cause for concern for a number of reasons.  .

The inappropriate filing claim of course is untrue and most be very disturbing to Mr.

Schachtman, the only rule I have found is 10 days which the filing met with days to

spare, also Schachtman is an academic, who does not make stupid mistakes. This was

greatly prejudicial against me and a bad sign of case manipulation by court personal

L - 1

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

AGAINST MY INTEREST. I request a investigation into this issue, who's helping

Gouge.

3. I believe God was looking out for us when we showed up, he takes care of the

needy. I had been re-noticed of Gouge's Motion to Dismiss Sinex Pools Inc. **see notice**

**attached** (postponing the motion) and would not have appeared if not for the reasons

stated above on that day. That motion to dismiss was considered by you on the record and

only after my assertion that Shirley had been told by her attorney that they planned on

contesting the Motion to Dismiss and that I had been re-noticed and had it with me did

you deny the Motion that you appeared to be ready to grant. I believe the Docket was not

updated intentionally so you personally would not know it had been rescheduled.

4. Donald L. Gouge the Plaintiffs Attorney wrote to Sinex Pools Inc. Attorney on

08-26-2005 16 days after your order to compel discovery claiming not to have his

discovery questions and request. I believe he sent me a re-notice to stop me from

appearing to ensure that the Motion to Dismiss Sinex Pools Inc. would be granted thereby

canceling discovery and that the Docket not being updated ( showing the re-notice ) was

an inside job, the way to get you to hear the motion.

5. I believe Donald Gouge is attempting to evade discovery and your order. see

his letter it is ridiculous.

6. You jumped on Mr. Schachtman and my self with both feet on 08-10-2005 for

no good reason and I had gotten past that, accepting the clerks explanation it's your

L-2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

manor, because you are tough, no nonsense Judge with a temper who I nor any one else

should piss off. Well Gouges letter should piss you off but good.

I will be watching closely to see your treatment of ( Gouge ) someone who evades

your Order ( a jail offense ) by false ( ridiculous ) pretense claiming an email problem,

has he never heard of a phone or fax it's bullshit, the same bullshit he has pulled for

almost a year, after filing the two page lawsuit with no exhibits, that should not have

survived my motion to strike. He is a leader of the conspiracy to financially ruin my wife

and me. He has been effective mainly buy causing us to appear in court instead of

working, This year he has caused us to appear in court over and over to many times to

count. We need a no no-nonsense Judge as it claimed that you are!

As an aside Did you order him to pay for the Motion to Compel?  It is not noted

either way, Shirley's Company has suffered greatly and most likely will not survive the

year if it has to pay for the Plaintiff's Attorney not performing up to the standards of his

profession.

7. I believe Shirley's relationship with her attorney is severely damaged from the

dressing down he received from you while opposing your suggestion that  Plaintiff make

a verbal motion to dismiss Sinex Pools Inc during the 08-10-2005 hearing.

8.  Shirley's Attorney should be afraid of repercussions by you or your staff if he

presses her and her company's rights and must have been taken back by the court

L-3

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

postponing the Summary Judgment Motion he filed before you dressed him down on 08-

10-2005, then he received a call from your staff to back it up three months, why?

*Romie Bishop* 08-29-05

Thank you Romie Bishop 302-373-1424

2715 Dupont Pkwy.

Middletown, DE. 19709

cc to all names listed above by regular mail and fax to Gouge at 658-1473

L-4

**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

WILLIAM C. CARPENTER, JR.
*JUDGE*

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801-3733
TELEPHONE (302) 255-0670

255-2273 FAX
255 2274 "11

July 26, 2005

Donald L. Gouge, Jr., Esquire
800 N. King Street, Suite 303
Wilmington, DE 19801

*← Attorney For Sinex Pools Inc.*

Douglas A. Shachtman, Esquire
1200 Pennsylvania Avenue, Suite 302
Wilmington, DE 19806

Romie Bishop
Sinex Pools, Inc.    *⇒ Not at this address or·*
2715 DuPont Parkway
Middletown, DE 19709

RE:    Ken Caudill v. Sinex Pools, Inc., Romie Bishop, Shirley Bishop v. Edna Caudill
C.A. No. 04C-10-090 WCC

Dear Counsel and Mr. Bishop:

The Court is in receipt of Mr. Gouge's letter of July 19, 2005 concerning Mr. Bishop's motion formerly noticed for July 27, 2005. Since Mr. Gouge will be unavailable that day, I am rescheduling all pending motions in this matter to August 10, 2005 at 9:15 a.m.

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

cc:    Aimee Bowers, Case Manager

# HEIMAN, GOUGE & KAUFMAN, LLP
### ATTORNEYS AT LAW
800 KING STREET, SUITE 303
P.O. BOX 1674
WILMINGTON, DELAWARE 19899-1674

HENRY A. HEIMAN *
DONALD L. GOUGE, JR.
SUSAN E. KAUFMAN**

* ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN PENNSYLVANIA

TELEPHONE: 302-658-1800
FAX: 302-658-1473

August 28, 2005

Romie Bishop
2715 Dupont Parkway
Middletown, DE  19709

      RE:    Ken Caudill

Dear Mr. Bishop:

      On August 27, 2005, I received your motion to vacate the Scheduling Order and motion for summary judgment.  Both motions are noticed for Wednesday, September 7, 2005 at 9:15 a.m.

      First, you have not provided the required ten business days notice of the motions. Second, I am not available on September 7, 2005 at 9:15 as I will be in trial before Judge Silverman.  Furthermore, I am not available on a Wednesday morning until October 5, 2005 when several summary judgment motions are scheduled to be heard by Judge Carpenter.  I suggest that you re-notice your motions for October 5, 2005 at 9:30 a.m.

      Very truly yours,

DONALD L. GOUGE, JR.

C:  Mr. & Mrs. Caudill
    Douglas A. Shachtman, Esquire

## HEIMAN, GOUGE & KAUFMAN, LLP
### ATTORNEYS AT LAW
800 KING STREET, SUITE 303
P.O. BOX 1674
WILMINGTON, DELAWARE 19899-1674

HENRY A. HEIMAN*
DONALD L. GOUGE, JR.
SUSAN E. KAUFMAN**

*ALSO ADMITTED IN NEW YORK
**ALSO ADMITTED IN PENNSYLVANIA

TELEPHONE: 302-658-1800
FAX: 302-658-1473

July 19, 2005

The Honorable William C. Carpenter
Superior Court, Judges Chambers
500 N. King Street, 10th Floor
Wilmington, DE  19801

      RE:   Caudill v. Bishop, et al.
           C.A. No. 04C-10-090(WCC)

Dear Judge Carpenter:

I apologize for taking up Your Honor's time, but I have no choice.

The Pro Se defendant in this case, Romie Bishop has filed a motion to strike the amended complaint. The motion is noticed for Wednesday, July 27, 2005 at 9:15 a.m.

On July 11, 2005, I notified Mr. Bishop that I would be out of town on vacation and requested that he reschedule his motion for Wednesday, August 3, 2005 at 9:15 a.m. (Proof of fax is attached). To date, he has not re-noticed his motion. I request that the Court reschedule the motion for Wednesday, August 3, 2005 at 9:15 a.m. Thank you.

Respectfully,

DONALD L. GOUGE, JR.

C:  Mr. Romie Bishop
    Douglas A. Shachtman, Esquire
    Prothonotary

IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT

ROMIE D. BISHOP                )
SHIRLEY A. BISHOP              )
     Plaintiff          )   Civil Action **No.  1:05-cv-656 (GMS)**
                  )
                  )
V.                            )   Jury Trial
WILLIAM C. CARPENTER, JR       )
                  )
     Defendant          )
                  )
                  )
                  )
                  )

## ORDER

ON this day _____, 2005 the Plaintiff(s) MOTION  FOR AN ORDER TO STAY ALL CURRENT

PROCEEDSINGS CURRENTLY BEING ADJUDICATED  IN THE SUPERIOR COURT AT 500 N. KING

STREET, WILMINGTON DELAWARE 19810, SUPERIOR COURT CASE NUMBERS No. 04C-10-090

WCC, No. 04C-12-256 MMJ AND CCP CASE . 2005-7-370  was granted.


_____
JUDGE Gregory M. Sleet


Page 1 of 1

IN THE UNITED STATES DISTRICT COURT FOR THE THIRD DISTRICT

| | | |
|---|---|---|
| ROMIE D. BISHOP | ) | |
| SHIRLEY A. BISHOP | ) | |
| Plaintiff | ) | Civil Action **No.  05-656** |
| | ) | |
| | ) | |
| V. | ) | Jury Trial |
| WILLIAM C. CARPENTER, JR | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

Acting Pro Se Romie D. Bishop Plaintiff here by's certify that on 10-21, 2005 one copy of this

within **MOTION FOR A STAY  was** served by REGUALR MAIL TO the Following:

William C. Carpenter
500 North King St.
Suite 10400
Wilington, DE. 19801-3733

Romie D. Bishop, Pro Se Defendant
2715 DuPont Pkwy
Middletown, DE 19709
302-373-1424
302-378-6024fax
Bishop 222@wmconnect.com

Dated: 10-21-2005

Sworn to and subscribed before me 10-21, 2005 _____ Notary Public in and

for New Castle County, DE.          My term expires 10/26/05 .