IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROMIE D. BISHOP and SHIRLEY A. BISHOP, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 05-656-GMS ) |
| SUPERIOR COURT JUDGE WILLIAM C. CARPENTER, JR., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM**

Romie D. Bishop and Shirley A. Bishop ("The Bishops") bring this civil rights action pursuant to 42 U.S.C. § 1983. They appear *pro se* and on September 16, 2005, were granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 3) The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915.

For the reasons discussed below, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.   THE COMPLAINT**

The Bishops make a number of allegations against Superior Court Judge William C. Carpenter, Jr. ("Judge Carpenter") for actions taken by him as he presided over litigation in Civil Action No. 04C-10-090 WCC, in the Superior Court of the State of Delaware in and for New Castle County. (D.I. 2, 4, 5, 6) The Bishops are named defendants in the civil action. More specifically, the Bishops allege that the actions of Judge Carpenter, both on and off the bench, and in and out of court hearings, denied them their "Federally protected Constitutional rights to a fair and equal due process". (D.I. 2, para. 20)

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Inasmuch as the plaintiffs proceed *pro se*, the court construes the complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. Analysis

### A. Judicial Immunity

The Bishops bring their claim solely against Judge Carpenter. Judges are absolutely immune from suits for monetary damages and such immunity cannot be overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, judicial immunity can only be overcome if the judge has acted outside the scope of his judicial capacity or in the

"complete absence of all jurisdiction." *Id.* at 11-12.

The Bishops complain of Judge Carpenter's handling of the civil proceeding in state court. They recite a litany of actions taken by Judge Carpenter from unwanted continuances to unfavorable rulings, evidentiary and otherwise, made by him during the course of the proceedings. The Bishops also submitted correspondence to and from Judge Carpenter relative to the litigation. Despite their numerous allegations, it is obvious after a thorough perusal of the complaint and the exhibits submitted that there are no allegations Judge Carpenter acted outside the scope of his judicial capacity, or in the absence of his jurisdiction. *Mireles*, 502 U.S. at 11.

Judge Carpenter is immune from suit for monetary liability under 42 U.S.C. § 1983. The claim lacks an arguable basis in law or in fact and, therefore, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B.    Motions to Stay Proceedings In State Court**

The Bishops also filed a motion to stay current proceedings and a notice of amended motion. (D.I. 5, 6) The Bishops ask this court to stay the civil proceedings currently being adjudicated in the Superior Court of the State of Delaware in and for New Castle County, Case Nos. 04C-10-090 WCC, 04C-12-256 MMJ and CCP No. 2005-7-370.

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *See 1975 Salaried Retirement Plan for Eligible Employees of Crucible, Inc. v. Nobers*, 968 F.2d 401, 405 (3d Cir. 1992). Claims under § 1983 fall within the "expressly authorized Act of Congress" exception to the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225, 242-43

(1972).

Nonetheless, it is improvident for the court to intrude in the on-going state proceedings since, as discussed above, the Bishops' complaint is frivolous. The motions, therefore, are denied.

## IV. CONCLUSION

For the above stated reasons the court finds that the claims raised by the Bishops are frivolous. The court also finds unwarranted a stay of the on-going state court proceeding. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

January  17, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROMIE D. BISHOP and SHIRLEY A. BISHOP, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 05-656-GMS ) |
| SUPERIOR COURT JUDGE WILLIAM C. CARPENTER, JR., | ) ) ) |
| Defendant. | ) ) |

## ORDER

At Wilmington this 17th day of January, 2006, for the reasons set forth in the Memorandum issued this date;

1. The plaintiffs' complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The plaintiffs motion to stay current proceedings and a notice of amended motion (D.I. 5, 6) are DENIED.

_____
UNITED STATES DISTRICT JUDGE